Parker C. J.
delivered the opinion of the Court. The failure to complete the proceedings required by the statute in relation to stray cattle or lost goods, may or may not render the original taking tortious, according to the original character of that taking. This mare had strayed from the plaintiff's enclosure for forty or fifty miles, and she was taken up with a view to preserve her for the owner. The original taking,, therefore, was not only lawful, but praiseworthy. The noncompliance with the statute deprives the finder of the right to defend against an action, by showing that the mare was appraised or sold for less than the sum now claimed, and remits the parties to their rights independent of the statute.
Then the defendant is in possession of a chattel belonging to the plaintiff, by a rightful, and not a tortious act, and trover cannot be maintained without evidence of some actual use of the mare by the defendant, or of a refusal to deliver her upon demand.[1]
The case of trespass ab initia is where the original taking is against the will of the owner, but justifiable, if for a lawful purpose, or with the will perhaps, and the purpose is not executed according to law. If the taker fails of showing this, then there is nothing to justify the original taking and it becomes tortious, as though there had been no such justifiable purpose. The case of Drake v. Shorter, 4 Esp. R. 165, states the principle clearly, that a possession obtamed, not injuriously, but with a view to the owner’s benefit, will *262 not support traver, although the property be destroyed in the hands of the taker.

Hew trial granted.

 See 2 Stark. Ev. (5th Amer. ed.) 839,846,847; 1 Chitty’s Pl. (6th Amer ed.) 180.